E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
International Narcotics, Money Laundering,
  & Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3045
    Facsimile: (213) 894-6269
    E-mail:    samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-181-DMG |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION PAPER AS TO DEFENDANT DANIEL ARIAS; DECLARATION OF SAMUEL J. DIAZ |
| v. | |
| DANIEL ARIAS, | Hearing Date: April 26, 2023 |
| Defendant. | Hearing Time: 11:00 a.m. |
| | Location:    Courtroom of the Hon. Dolly M. Gee |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Samuel J. Diaz, hereby files its sentencing position paper as to defendant Daniel Arias.

//

//

//

This sentencing position paper is based upon the attached memorandum of points and authorities, the files and records in this case, the declaration of Samuel J. Diaz, and such further evidence and argument as the Court may permit.

Dated: April 11, 2023               Respectfully submitted,

                                       E. MARTIN ESTRADA
                                       United States Attorney

                                       MACK E. JENKINS
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                                /s/
                                       SAMUEL J. DIAZ
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

### **MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant Daniel Arias possessed approximately 12,958 images and 1,333 videos containing child pornography. Having pled guilty to possession of child pornography, he faces a guidelines range of 78 to 97 months' imprisonment. For the reasons explained below, the 18 U.S.C. § 3553(a) factors support a term of 78 months' imprisonment, at the low-end of the applicable range. Defendant should also be sentenced to a term of five years of supervised release, should pay restitution of $54,000, a special assessment of $100, and an additional special assessment of $5,000.

**II. STATEMENT OF FACTS**

**A. Offense Conduct**

On October 6, 2016, following an investigation into a website used to advertise and distribute child pornography, law enforcement searched defendant's residence pursuant to a federal search warrant. (Presentence Report ("PSR") ¶ 7.) During the search, officers recovered several digital devices belonging to defendant, including an Acer Aspire laptop, a Toshiba external hard drive, and a Dell computer tower. The devices contained approximately 12,958 images depicting child pornography and 1,333 videos[1] depicting child pornography. (See id. at ¶ 9.) In an interview with law enforcement that same day, defendant admitted to collecting child pornography for approximately two years and following links to materials like "young girl sex." (Diaz Declaration ("Decl.") at Ex. A, p. 3.)

---

[1] The PSR indicates that there were only 1,243 videos of child pornography on defendant's devices. (PSR ¶ 9.) The correct number is 1,333 videos, 226 videos in the Toshiba hard drive and 1,107 videos in the Acer laptop.

### B. Procedural History

On April 13, 2021, a grand jury returned a two-count Indictment charging defendant with one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1) and one count of possession of child pornography, in violation of 18 U.S.C. §§ 22252A(a)(5)(B), (b)(2).  (Dkt. 1.)  On June 16, 2022, pursuant to the government's request, the Court dismissed count one of the Indictment.  (Dkt. 34.)  On August 29, 2022, defendant pled guilty to count two of the Indictment, possession of child pornography.  (Dkt. 40.)

## III. GUIDELINES CALCULATION

### A. Sentencing Guidelines

The Probation Office correctly calculated a base offense level of 18 under U.S.S.G. § 2G2.2(a)(1).  (PSR ¶ 20.)  The government further concurs with the Probation Office that the base offense level should be increased by 13 levels to account for:

- a two-level increase under U.S.S.G. § 2G2.2(b)(2) because the child pornography depicted at least one prepubescent minor or a minor under the age of 12;
- a four-level increase under U.S.S.G. § 2G2.2(b)(4) because the child pornography involved sadistic or masochistic conduct. Here, at least one image involved a girl "who appears to be under the age of 10 laying on her back with her legs spread apart, exposing her nude vagina and anus.  A black sex toy is inserted inside the child's anus."  (PSR ¶ 24.)  A depiction of anal penetration of prepubescent children "meets the ordinary meaning of 'sadistic[.]'" United States v. Rearden, 349 F.3d 608, 614-15 (9th Cir. 2003);

- a two-level increase under U.S.S.G. § 2G2.2(b)(6) because the child pornography involved the use of a computer; and
- a five-level increase under U.S.S.G. § 2G2.2(b)(7) because the offense involved over 600 images of child pornography.

(PSR ¶¶ 22-27.) With a three-level deduction for acceptance of responsibility, defendant has a total offense level of 28. Defendant has no known prior criminal history and is in criminal history category I. He faces a guidelines range of 78 to 97 months' imprisonment.

Defendant faces a mandatory minimum term of five years of supervised release. (Id. at ¶ 85.)

### B. Restitution and Special Assessment

The government has received restitution requests from 18 victims. The government is seeking restitution of $3,000 for each victim for a total of $54,000. Further, defendant is subject to an additional special assessment of $5,000 under 18 U.S.C. § 3014. (Id. at ¶ 91.)

## IV. DEFENDANT SHOULD BE SENTENCED TO 78 MONTHS' IMPRISONMENT AND ORDERED TO PAY RESTITUTION OF $54,000

### A. A Low-End Term of 78 Months' Imprisonment Is Just and Reasonable

The Sentencing Guidelines are "the starting point and the initial benchmark" in fashioning an appropriate sentence. Gall v. United States, 552 U.S. 38, 49 (2007). After due consideration of the guidelines, the question then becomes whether, based on the particular facts of the case, a given sentence achieves the purposes set forth under the 18 U.S.C. § 3553(a) factors. Id. Here, a 78-month sentence, at the low-end of the applicable guidelines range is

3

sufficient, but not greater than necessary, to accomplish the goals of federal sentencing.

The nature of defendant's offense, the need for adequate deterrence and to impose just punishment all weigh in favor of a 78-month sentence. Beginning with the nature of the offense, defendant possessed pornography involving children, some as young as 3 years old, being sexually abused for the sexual gratification of adults.

The three images described in the Presentence Report provide a sample of the depravity contained in the pornography defendant possessed. In one image, a girl who looks less than 10 years old is laying on her back with her legs spread and genitals exposed as she is anally penetrated by a black sex toy. (PSR ¶ 10.) In another, a naked girl between five and eight years old is shown with an adult man's erect penis in her mouth; in another, a naked girl between three and five years old is pictured with an adult man's erect penis in her mouth. (Id. at ¶ 9.)

These images are but three of the 12,958 images containing child pornography and 1,333 videos of child pornography that defendant possessed. That defendant, by his own admission, accrued this child pornography over approximately a two-year period demonstrates that he was not simply dabbling in child pornography, he was a seasoned collector. (Decl. Ex. A at p. 3.)

By procuring child pornography, defendant not only incentivized the continued production of child pornography, he also re-victimized the children involved in the child pornography he consumed. The attached victim statements make clear that the victims suffer not just from their initial sexual abuse, but from the continued distribution of images and videos depicting their abuse.

Defendant may respond by raising his lack of prior criminal history and record of employment as grounds for a below guidelines sentence.  These factors support a low-end sentence, not a below guidelines sentence.  Moreover, a true picture of defendant's personal characteristics involves weighing that defendant accrued a large collection of child pornography over at a two-year period. While he may not have prior convictions, he repeated the offense conduct over a substantial period of time.

In light of the grave nature of defendant's offense, the need to deter future offenders and to provide just punishment, a low-end 78-month sentence is just and warranted.

**B.   Defendant Should Pay $54,000 in Restitution and an Additional $5,000 Special Assessment**

The government respectfully requests that defendant pay a total of $54,000 in restitution, accounting for $3,000 in restitution for each victim who has presented a claim for restitution to the government.  Further, because defendant is not indigent, the Court should impose an additional special assessment of $5,000.  (PSR ¶ 91.)

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to (1) a term of 78 months' imprisonment; (2) a five-year term of supervised release; (3) order defendant to pay restitution of $54,000; (4) a $5,000 special assessment under 18 U.S.C. § 3014; and (5) a $100 special assessment.

DECLARATION OF SAMUEL J. DIAZ

I, Samuel J. Diaz, declare as follows:

1. I am an Assistant United States Attorney in the Central District of California and I represent the government in this matter. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

2. Attached as Exhibit A is a true and correct copy of a Homeland Security Investigations report of their interview of defendant Daniel Arias.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on April 11, 2023.

/s/
SAMUEL J. DIAZ

# EXHIBIT A




# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### REPORT OF INVESTIGATION

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

---

02/17/2021 17:13 EST                                                                                     Page 1 of 3

**CASE NUMBER**

▮▮▮▮▮▮▮▮

**CASE OPENED**
8/22/2016

**CURRENT CASE TITLE**
ARIAS-Giftbox/Ebenezer

**REPORT TITLE**
Interview of Danny Arias on October 6, 2016.

**REPORTED BY**
Aaron McClellan
SPECIAL AGENT

**APPROVED BY**
Kelly Kottas
SUPERVISORY SPECIAL AGENT

**DATE APPROVED**
10/20/2016

**SYNOPSIS**

In or about September 2015, Child Exploitation Investigations Unit (CEIU) became involved in an ongoing child pornography investigation. An individual using IP address 108.185.93.106 has been linked to an online community of individuals who are members of an Internet-based bulletin board (hereafter referred to as "BULLETIN BOARD A") dedicated to the advertisement, distribution and production of child pornography. BULLETIN BOARD A has over 1500 "approved users," who actively post new content and engage in online discussions involving the sexual exploitation of minors. BULLETIN BOARD A operated on an anonymous online network. In December 2015, an individual using the IP ADDRESS 108.185.93.106 knowingly accessed child pornography on BULLETIN BOARD A. Further investigation has revealed that at the time the child pornography was accessed and/or downloaded, the IP ADDRESS 108.185.93.106 was assigned to Angela ARIAS located at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Downey, California 90242.
This report details an interview of Danny ARIAS on October 6, 2016.

This report details an interview of Danny ARIAS on October 6, 2016.

---

| **Current Case Title** | **ROI Number** | **Date Approved** |
|---|---|---|
| ARIAS-▮▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮-003 | 10/20/2016 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE
This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.




# DEPARTMENT OF HOMELAND SECURITY

HOMELAND SECURITY INVESTIGATIONS

REPORT OF INVESTIGATION

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

---

02/17/2021 17:13 EST                                                                                          Page 2 of 3

## DETAILS OF INVESTIGATION

On or about October 6, 2016, Department of Homeland Security (DHS), Homeland Security Investigations (HSI) Special Agents (SA), with assistance from the Federal Bureau of Investigation (FBI), United States Postal Inspectors (USPS), and Los Angeles Police Department's (LAPD) Internet Crimes Against Children (ICAC) task-force served a Federal search warrant at ▮▮▮▮▮▮▮▮▮▮▮▮ Downey, CA 90242.

After entry into the residence HSI SA Aaron McClellan and FBI SA Tim Alon conducted an interview of one of the occupants, Danny ARIAS (D ARIAS) (DOB: ▮▮▮ 1981, SS#: ▮▮▮▮▮▮▮▮▮).

The interview was electronically recorded and the following is only a summary of the interview and does not intend to represent the entire interview:

SA McClellan and SA Alon asked D ARIAS if he would come to the garage apartment to discuss the search warrant; D ARIAS agreed.  Agents placed D ARIAS closest to the door in the garage apartment as to not impede his departure in the event he wanted to leave.  Agents did not have any weapons displayed and SA Alon wore a t-shirt with the FBI seal.  SA McClellan wore a jacket with a college logo.  Upon entering the garage apartment SA McClellan informed D ARIAS that he was not under arrest and can leave any time he wanted.

D ARIAS stated the following:

- Their internet service provider is Spectrum Now, it was Time Warner.
- He has a laptop computer, cell phone.
- His laptop has its own log in/profile.
- Mainly uses computer for email and slicksales.
- Email address is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- Maybe saw child pornography in the past.
- Child pornography is kids under age (16 or 18 based on the state).  Then agreed a prepubescent child having sex with an older man is child pornography and he has seen that before.
- Saw it on bulletin boards.  Sites that do not last long.
- Would use "child," "girl," for search terms and would get what you were looking for.
- Would use mega upload that had a lot of search results that you can download from.
- He would watch a 16 year old in videos, but 16 years old is as low as he would go (when searching for files).
- The child pornography on the external hard drives is either from him downloading it or transferring it over from his computer.

---

| **Current Case Title** | **ROI Number** | **Date Approved** |
|---|---|---|
| ARIAS-▮▮▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮▮-003 | 10/20/2016 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.

USAO_000029




# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### REPORT OF INVESTIGATION

**OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE**

---

02/17/2021 17:13 EST                                                                                                         Page 3 of 3

- He would use "kid something" or maybe use "young sex" to search for child pornography on a site that use to be available but not anymore.
- Would follow links that say something like "young girl sex."
- Last time he saw child pornography was a few months ago where the girl was under 10 years old.
- Does not use the Darkweb, used P2P in the past.
- The large external hard drive has not been used in a while, the smaller external hard drive was used a few months ago and has child pornography on it.
- Prefers girls in the videos.
- Will have a lot (child pornography).
- Masturbates to the child pornography.
- Has never touched a child.
- Would take a polygraph examination.
- He collects because he is a packrat.
- The laptop will have similar files on it as the external hard drive (child pornography).
- He has been collecting child pornography approximately two years ago then had to clean his computer than collected after that. Maybe for about one year to one and a half years.
- Does not have cloud storage.
- Does not use his phone for any type of pornography.
- Does not use smart phone applications for trading child pornography.
- Does not use email to trade child pornography.
- Most of his downloading comes from message boards and small links.
- SA Alon showed D ARIAS three digital devices that were seized from his room, a laptop computer, cellphone, and an external hard drive (line items 1-3 on the 6051). D ARIAS said they belonged to him.

At the end of the interview, D ARIAS agreed with agents that they were respectful to him and he understood that he was not under arrest. Agents then accommodated D ARIAS with getting ready for work and permitted him to use agent's cellphone to inform coworkers he would be late.

The investigation continues.

| **Current Case Title** | **ROI Number** | **Date Approved** |
|---|---|---|
| ARIAS- ▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮-003 | 10/20/2016 |

**OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE**

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.

USAO_000030